## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Tyriq S Wilson,

                    Plaintiff,

                                 Case No. 1:24-cv-3602-MLB

v.

United States, et al.,

                    Defendants.

_____/

## **ORDER**

Plaintiff, proceeding pro se, filed an application for leave to proceed in forma pauperis (IFP) along with an incomprehensible complaint against 43 Defendants, including the United States, several different states, individual police officers and judges, non-profit associations, and others. (Dkt. 3.) Magistrate Judge Walter E. Johnson granted Plaintiff IFP status and directed the Clerk to submit the matter to this Court for a frivolity determination under 28 U.S.C. § 1915(e)(2). (Dkt. 2.)[1]

---

[1] Plaintiff also filed a notice of appeal with a corresponding application to appeal IFP before the Court issued its frivolity determination. (Dkts. 6, 7.) While difficult to understand, it appears Plaintiff seeks to appeal two state criminal cases from Pennsylvania that have nothing to do with this

## I.    Background

It is nearly impossible to understand Plaintiff's factual allegations. As best the Court can tell, he claims that during some unidentified court proceeding, a judge improperly held him in contempt and some officers used excessive force to detain him.  (Dkt. 3 at 5.)  He alleges he was improperly held for over 24 hours.  (*Id.*)

In a seemingly unrelated incident a couple weeks later, Plaintiff claims he tried to file complaints with the Stone Mountain Police Department but a major with the Department ignored his complaints and sent five officers to intimidate him and his son outside the station.  (*Id.*) He alleges the officers improperly held him at a traffic stop and gave him an illegal ticket.  (Dkt. 3 at 5–6.)  Plaintiff says he is "an unfranchised common law Freedman," and has "a right to travel freely and unencumbered." (Dkt. 3 at 6.)

---

litigation.  (Dkt. 6 at 2.)  Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  Having reviewed the record, the Court cannot discern any reasonable basis for an appeal.  Accordingly, the Court certifies that Plaintiff's appeal is not taken in good faith and denies Plaintiff's application to appeal IFP.

Apparently, another few months passed, and Plaintiff tried to complain about his treatment to a court in Gwinnett County. (*Id.*) There, a judge was rude to him, "did not want to hear anything," and issued a bench warrant for a prior failure to appear. (*Id.*) It seems like Plaintiff was not arrested but rather received a new court date.

Plaintiff's complaint then devolves into even more gobbledygook. He claims "[e]very agent of estoppel who has interfered with [his] liberty to freely travel were all warned and given paper acknowledgement and warning of violating [his] federally protected activities, so should be charged for their at faults." (*Id.*) He says he has brought 19 cases, all in various states, seeking redress for violations of his "constitutional liberty to travel." (Dkt. 3 at 6–7.) He asks the Court for "help in holding these parties accountable for abuse of power and agreeing on stare decisis." (Dkt. 3 at 7.)

## II.  Discussion

A federal court must dismiss an action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court may dismiss a complaint for

failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A frivolity review also grants a court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also . . . claims whose factual contentions are clearly baseless." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. A finding of legal frivolousness is when the plaintiff asserts "a claim based on an indisputably meritless legal theory . . . [such as when] it is clear that the defendants are immune from suit." *Neitzke*, 490 U.S. at 327.

The Court recognizes Plaintiff is appearing pro se and so affords his complaint greater leniency. *See Powell v. Lennon*, 914 F.2d 1459, 1463

(11th Cir. 1990) ("In the case of a *pro se* action, . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam))). But this leniency neither excuses a party from complying with threshold requirements of the Federal Rules of Civil Procedure nor "permit[s] the district court to act as counsel for a party or to rewrite deficient pleadings." *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (per curiam).[2]

Plaintiff purports to raise claims under 18 U.S.C §§ 241 and 242. (Dkt. 3 at 4.)[3] Those are both criminal statutes. "[A]s a general matter, Title 18 is a federal criminal statute which does not create civil liability

---

[2] The Court recognizes *Lampkin-Asam* is unpublished and not binding. The Court cites it and other unpublished cases nevertheless as instructive. *See Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 n.5 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").

[3] Plaintiff's "[b]asis" of his claim is rambling and incoherent. Along with the two criminal statutes he cites, he lists "Violation of 14 Stat. 799; Article 9 Peace treaty of 1866 Freedman; 318 U.S. 629 Creek Nation v United states," and then a list of buzz words like "judges prejudice," "breach of Treaty," "destruction of government property 'passport,'" and "police perjury," among others. (Dkt. 3 at 4.) To the extent this means anything, the Court cannot discern it or connect it to Plaintiff's factual allegations. Accordingly, the Court analyzes Plaintiff's claim only under the federal statutes he cites.

or a private right of action." *Laster v. Georgia*, 2020 WL 9348259, at \*2 (M.D. Ga. July 1, 2020) (internal quotation marks and citation omitted). Accordingly, Plaintiff cannot sue for violations of §§ 241 and 242, and the Court must dismiss his claims. *See Cohen v. Carmel*, 2010 WL 2991558, at \*1 (S.D. Fla. July 27, 2010) ("The Plaintiff's claims arising out of 18 U.S.C. §§ 241 and 242 must be dismissed because there is no private cause of acti[on] arising from these criminal statutes.").

Given the incomprehensible nature of Plaintiff's allegations, the Court cannot discern any other law under which he could bring a claim. Accordingly, the Court declines to provide Plaintiff an opportunity to amend his complaint and dismisses this litigation.

## III.  Conclusion

The Court **DISMISSES** Plaintiff's Complaint (Dkt. 3), **CERTIFIES** that Plaintiff's appeal is not taken in good faith, and **DENIES** Plaintiff's Application to Appeal IFP (Dkt. 7).

**SO ORDERED** this 14th day of November, 2024.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE